# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA GREEN** | **CIVIL ACTION** |
| **VERSUS** | |
| **WAL-MART STORES, INC.** | **NO.: 3:14-cv-00610-BAJ-RLB** |

## RULING AND ORDER

Plaintiff Brenda Green's ("Green") action was removed to this Court from the Nineteenth Judicial District Court for the East Baton Rouge, State of Louisiana, pursuant to 28 U.S.C. § 1441. In its Notice of Removal, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") invokes the Court's general diversity jurisdiction, as described in 28 U.S.C. § 1332(a). (Doc. 1 at ¶ 5). However, upon *sua sponte* review of Wal-Mart's removal materials, the Court concludes that it lacks subject matter jurisdiction because Wal-Mart has failed to establish that the amount in controversy in this matter likely exceeds $75,000.00. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte,* at any time.").

## I.   DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

19th JDC - certified

(1994) (citations omitted). Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In its Notice of Removal, Wal-Mart asserts traditional diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 at ¶ 5). In addition to its diversity of citizenship requirement, § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). Here, Green's original state court Petition fails to specify an amount in controversy. (*See generally* Doc. 1-1). In such instances, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The preponderance of evidence standard is met "either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal

2

petition or an accompanying affidavit to show that the amount-in-controversy is met." *Felton*, 324 F.3d at 773–74.

Upon review, it is hardly apparent from the face of Green's Petition that her claims exceed $75,000.00. The injuries alleged and damages claimed are vaguely stated—amounting to customary categories of damages universally set forth in personal injury actions—and, thus, provide the court with little guidance as to the *actual* damages that Green incurred. (*See* Doc. 1-1 at ¶¶ 9–11). "[R]emoval cannot be based simply upon conclusory allegations." *Felton*, 324 F.3d at 774 (quotation marks omitted).[1] The various damages stated in Green's Petition are too speculative to provide the Court the requisite degree of confidence that the Petition, standing alone, makes out a claim for more than $75,000.00.

Likewise, Wal-Mart's removal petition and accompanying materials are insufficient to satisfy the preponderance of evidence standard. Wal-Mart failed to append affidavits or other evidence attesting to the amount in controversy to its Notice of Removal. Further, Wal-Mart's Notice fails to set forth additional facts regarding the amount in controversy. Instead, Wal-Mart's Notice parrots the damages claimed in Green's Petition, before asserting that "Wal-Mart has met its

---

[1] Certainly, Green's alleged injuries create the *potential* for a claim in excess of $75,000.00. The mere *potential* for recovery in excess of the jurisdictional minimum, however, is not enough. Rather, Fifth Circuit law is clear that to satisfy the jurisdictional minimum, the defendant must show that it is *more likely than not* that the plaintiff will recover more than the jurisdictional minimum. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that the plaintiff "could well" recover more than the jurisdictional minimum); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that there is "some possibility" that the plaintiff will recover more than the jurisdictional minimum).

burden of showing that the amount in controversy is in excess of [$75,000.00], exclusive of interest and costs." (Doc. 1 at ¶ 8). To repeat, "removal cannot be based simply upon conclusory allegations." *Felton*, 324 F.3d at 774 (quotation marks omitted).

## II. CONCLUSION

In sum, Wal-Mart has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum under 28 U.S.C. § 1332(a); *see Felton*, 324 F.3d at 773–74. Having no basis to exercise jurisdiction over Green's claims, this action "shall be remanded" pursuant to 28 U.S.C. § 1447(c).

**IT IS ORDERED** that this action is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, this 30th day of September, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**